**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**UNITED STATES OF AMERICA,**              :

   -v-                                     :        07 Cr. 1150 (VM)

                                                    **DECLARATION AND**
                                                    **MEMORANDUM OF LAW**
**ARSENIO RODRIGUEZ, et. ano.**                     **OF ATTORNEY IN**
                                                    **SUPPORT OF MOTION**

                                           :

   **Defendant.**                          :
-------------------------------------------------------------x

## DECLARATION AND MEMORANDUM OF LAW
## OF MITCHELL DINNERSTEIN
## IN SUPPORT OF MOTION

MITCHELL DINNERSTEIN, a member of the Bar of the State of New York and of this Court, hereby affirms under penalty of perjury:

1. That I am the attorney of record for the defendant herein.

2. That I am fully familiar with the facts and circumstances of this case.

3. That I submit this declaration and memorandum of law in support of the Notice of Motion herein.

4. An indictment was filed against Arsenio Rodriguez on December 12, 2007 charging him with one Count 18 U.S.C. § 1951 (a conspiracy to commit robberies), one Count of 18 U.S.C. § 1951 ( a substantive robbery in Queens, New York) and § 924c (brandishing a weapon during the robbery) . The defendant pled not guilty to the charges on January 22, 2008.

5. On April 28, 2004, New York City Police Officer at gunpoint arrested Mr. Rodriguez.

The police had no search or arrest warrant and did not observe him commit any criminal act.

6. In fact, at the time Mr. Rodriguez was seized by the police officer, he had just been in victim of a kidnaping by two men. At the time, he was seized, he was beginning to discuss what had occurred to him when the police approached him at gunpoint.

7. When reviewing the complaint filed in this case, USA v. Arsenio Rodriguez, 04 mag 1930 Special Agent Zeppieri claimed to have spoken to an unnamed person who claimed to have been a victim of a robbery on April 28, 2004 at about 10:00 am in the vicinity of 92nd Street and Roosevelt Avenue and an unnamed New York City Police Officer who claims to have observed Mr. Rodriguez after the incident.

8. The Government affidavit provides information that a man was a victim of a robbery of telephone credit cards. After the robbery, two men entered a green Toyota minivan that was located on the street. The victim of the robbery followed the minivan for a short distance while three people were in the van. He obtained a partial license plate number, but soon lost sight of the vehicle.

9. Apparently, the description of the vehicle, a green minivan was reported to the police. The robbery victim also indicated that in the van were three males.

10. A police officer observed a green minivan parked on the side of a street in close proximity to the location of the robbery. The police officer claimed to have seen one male in a green minivan and pulled the vehicle over. There was no chase or any indication that the driver was attempting to flee from the officer. In fact, the defendant in his declaration indicated that he had already pulled over his van when he saw uniformed police officers on the street.

11. That the officers approached the defendant at gunpoint and shortly thereafter

handcuffed the defendant.  Such a seizure of the defendant lacked probable cause.  Accepting the description in the complaint of three people in a green minivan does not justify a gunpoint seizure of one person either exiting the vehicle or driving the vehicle in a normal manner.  The Government lacked probable cause to arrest Mr. Rodriguez pursuant to the seminal Supreme Court case of Dunaway v. New York, 442 US 200 (1979).

12.  The police then after handcuffing the defendant conducted a full scale search of Mr. Rodriguez's minivan without probable cause and without a judicially issued search warrant.  Such a search violates the Supreme Court ruling in Coolidge v. New Hampshire. 403 US 443 (1971).

13.  Mr. Rodriguez, while still handcuffed, was shown to the victim of the robbery and apparently was identified in a "show-up" procedure.  Such an identification procedure occurred while a handcuffed defendant, encircled by police officers, with a robbery victim who had already been told by the police that they "caught the guy".  The "show-up" should be suppressed as inherently suggestive, as well as the "fruit of the poisonous tree" doctrine.  USA v. Nardone, 308 US 338 (1939).

13.  Several hours later, Mr. Rodriguez made a statement to the police.  Such a statement also arose subsequent to the unlawful arrest of the defendant and should be suppressed.  Wong Sun v. United States 371 US 471 (1963).   The "fruit of the poisonous tree" doctrine extends to statements of defendants when such statements are the product of the illegal arrest and seizure of Mr. Rodriguez.  Mr. Rodriguez's statements should be suppressed.

14.  Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

WHEREFORE, it is respectfully requested that the relief sought in the Notice of Motion be granted and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      April 21, 2008

                                       /s/ Mitchell Dinnerstein
Mitchell Dinnerstein
350 Broadway
Suite 700
New York, New York 10013
212-925-0793
212-625-3939 (fax)
Attorney for Rodriguez