UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     SUPERSEDING INDICTMENT

       - v. -                  :     S1 07 Cr. 1150 (VM)

ARSENIO RODRIGUEZ,                :
    a/k/a "Juicy," and
MANUEL MELO,                      :
    a/k/a "El Gago,"
                                  :
                 Defendants.
                                  :
- - - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1. From in or about early 2003, up to and including on or about November 11, 2006, in the Southern District of New York and elsewhere, ARSENIO RODRIGUEZ, a/k/a "Juicy," and MANUEL MELO, a/k/a "El Gago," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RODRIGUEZ and MELO, and others known and unknown, agreed to commit armed robberies of suspected narcotics traffickers and others involved in commercial activities that affected interstate commerce.

Overt Acts

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about April 10, 2003, ARSENIO RODRIGUEZ, a/k/a "Juicy," the defendant, and others known and unknown, attempted to rob an individual ("V-1") of drugs and drug proceeds in the vicinity of West 192nd Street in New York, New York.

b. In or about July 2003, MANUEL MELO, a/k/a "El Gago," the defendant, provided information to others regarding an individual ("V-2") whom MELO believed to be in possession of cash, representing the proceeds of a business affecting interstate commerce.

c. On or about August 19, 2003, RODRIGUEZ, and others known and unknown, attempted to rob an individual ("V-3") of drugs and drug proceeds at gunpoint in the vicinity of Academy Street in New York, New York.

d. In or about Winter 2004, RODRIGUEZ, and others known and unknown, robbed an individual ("V-4") whom RODRIGUEZ believed to be a narcotics trafficker, in the vicinity of Dykman Street in New York, New York, and stole approximately $69,000 in United States currency.

e. In about April 2004, in the Bronx, New York,

MELO provided information to others regarding an individual ("V-5") whom MELO believed to be in possession of tens of thousands of dollars in cash, representing the proceeds of the sale of telephone calling cards.

       f.   On or about April 28, 2004, RODRIGUEZ, and others known and unknown, robbed V-5 at gunpoint of telephone calling cards in the vicinity of 92nd Street in Queens, New York.

       g.   On or about June 23, 2004, MELO, and others known and unknown, met with co-conspirators not charged herein in New York, New York, and discussed the gunpoint robbery of approximately 20 to 30 kilograms of cocaine from suspected narcotics traffickers.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

    3.   On or about July 23, 2003, in the Southern District of New York and elsewhere, MANUEL MELO, a/k/a "El Gago," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MELO, and others known and unknown, attempted to rob and aided and abetted the attempted

robbery at gunpoint of V-2, an individual engaged in commercial activities that affected interstate commerce in the vicinity of Helena Avenue in Yonkers, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4. On or about August 19, 2003, in the Southern District of New York and elsewhere, ARSENIO RODRIGUEZ, a/k/a "Juicy," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RODRIGUEZ, and others known and unknown, attempted to rob V-3 of suspected drugs and drug proceeds at gunpoint in the vicinity of Academy Street in New York, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR

The Grand Jury further charges:

5. On or about August 19, 2003, in the Southern District of New York and elsewhere, ARSENIO RODRIGUEZ, a/k/a "Juicy," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be

prosecuted in a court of the United States, namely, the attempted robbery charged in Count Three of this Superseding Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery referenced in Count Three.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT FIVE

The Grand Jury further charges:

6.   On or about April 28, 2004, in the Southern District of New York and elsewhere, ARSENIO RODRIGUEZ, a/k/a "Juicy," and MANUEL MELO, a/k/a "El Gago," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RODRIGUEZ, MELO, and others known and unknown, robbed and aided and abetted the robbery of V-5 at gunpoint of telephone calling cards in the vicinity of 92nd Street in Queens, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX

The Grand Jury further charges:

7.   On or about April 28, 2004, in the Southern

District of New York and elsewhere, ARSENIO RODRIGUEZ, a/k/a "Juicy," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Superseding Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery referenced in Count Five.

    (Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT SEVEN

The Grand Jury further charges:

8.  On or about June 23, 2004, in the Southern District of New York, MANUEL MELO, a/k/a "El Gago," the defendant, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MELO attempted to rob a person whom he believed was engaged in narcotics trafficking in New York, New York.

    (Title 18, United States Code, Sections 1951 and 2.)

## COUNT EIGHT

The Grand Jury further charges:

9. On or about June 23, 2004, in the Southern District of New York and elsewhere, MANUEL MELO, a/k/a "El Gago," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Seven of this Superseding Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, during the attempted robbery referenced in Count Seven.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

### FORFEITURE ALLEGATION

10. As the result of committing the Hobbs Act robbery offenses, in violation of Title 18, United States Code, Sections 1951 and 2, alleged in Counts One, Two, Three, Five, and Seven of this Superseding Indictment, ARSENIO RODRIGUEZ, a/k/a "Juicy," and MANUEL MELO, a/k/a "El Gago," the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property constituting or derived from any proceeds RODRIGUEZ and MELO obtained directly or indirectly as a result of the said violations and any and all property that constitutes or is derived from proceeds traceable to the commission of the violations alleged in Counts One, Two, Three, Five, and Seven of this Superseding Indictment.

Substitute Assets

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney