ORIGINAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
UNITED STATES OF AMERICA            :
                                    :   07 Cr. 1150 (VM)
     - against -                    :
                                    :
ARSENIO RODRIGUEZ, et. al.          :   DECISION AND ORDER
                                    :
                    Defendants.     :
                                    :
-----------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

Defendant Arsenio Rodriguez moved pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) to suppress all evidence seized from him on the grounds that they are the fruit of an unlawful seizure. The Court ruled on this motion on the record at a hearing conducted on July 25, 2008.

For the reasons stated on the record of the Court's proceeding on July 25, 2008, the relevant excerpts of which have been attached hereto and are incorporated herein, it is hereby

**ORDERED** that the motion of defendant Arsenio Rodriguez to suppress evidence is DENIED.

**SO ORDERED.**

Dated:     New York, New York
           25 July 2008

                                    Victor Marrero
                                    U.S.D.J.

MICROFILMED JUL 2 8 2008 -12:00 PM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-08

1

<u>United States of America v. Arsenio Rodriguez</u>

No. 07 Cr. 1150

**Statement by the Court Regarding Defendant's Motion to Suppress**

July 25, 2008

Defendant Arsenio Rodriguez ("Rodriguez") moves to suppress physical evidence seized from him by police in the course of his arrest for the underlying offense in this case. Rodriguez asserts that the police lacked probable cause to arrest him and search his vehicle. Rodriguez also seeks to suppress his subsequent statement to the police on the ground that it was the product of an unlawful arrest.

According to the Complaint, on or about April 28, 2004, an individual (the "Victim") was robbed by two men at gunpoint as he exited his automobile near his home in Queens, New York. Following the robbery, the two perpetrators entered a green minivan (the "Green Minivan"), and the Victim observed a third male waiting inside the vehicle. The Victim returned to his own car and pursued the Green Minivan, while simultaneously calling the police. The Victim described the Green Minivan and gave the police a partial identification of the license plate. The Victim then lost sight of the Green Minivan.

Officer Mosiurchak on patrol in the area of Roosevent Avenue and 85th Street, Queens received a description of the robbery and the Green Minivan, and then observed a vehicle

-1-

fitting that description, which was being driven by Rodriguez, in the vicinity of the robbery. The police officer either stopped the Green Minivan, or according to Rodriguez's account, Rodriguez pulled over when he observed police officers in the area. When the police officer approached the Green Minivan, he saw a firearm in plain view in the rear seat of the vehicle. The police officer asked Rodriguez to exit the vehicle and placed him under arrest. A search of the vehicle recovered (1) a second firearm; (2) black gloves; (3) duct tape; and (4) flex-cuffs.

Rodriguez claims that at the time of his arrest, he had just been the victim of a kidnapping by two arned men, and that he intended to report what had occurred to the police when they approached him at gunpoint and placed him under arrest.

A warrantless arrest is justified if there is "probable cause when the defendant is put under arrest to believe that an offense has been or is being committed." United States v. Cruz, 834 F.2d 47, 50 (2d Cir. 1987). On a motion to suppress on the grounds of an illegal arrest without a warrant, the burden is on the Government to show that there was probable cause for the arrest. See United States v. Pena, 961 F.2d 333, 338-39 (2d Cir. 1992). Probable cause exists "when an officer has knowledge or reasonably trustworthy information

sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003). The presence or absence of probable cause is based on the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

Once police officers observe a potentially incriminating item in plain view, they have probable cause to arrest a suspect. See United States v. Cruz, 314 F. Supp. 2d 321, 330 (S.D.N.Y. 2004) (citing Savino, 331 F.3d at 76). Police officers may conduct a warrantless search of an automobile under the "automobile exception" to the Fourth Amendment's warrant requirement, when they have probable cause to believe it contains contraband or evidence of a crime. See United States v. Vassiliou, 820 F.2d 28, 30 (2d Cir. 1987).

Rodriguez argues that the description of three men in a green minivan does not justify the seizure of one person exiting or driving the vehicle in a normal manner. Rodriguez does not address or dispute the police officer's statement that he arrested Rodriguez after seeing a firearm in plain sight. Additionally, Rodriguez's claims regarding his kidnapping go to the merits of his defense to the charges against him; they are not relevant to determining whether the police officer had probable cause to arrest Rodriguez.

Viewing the "totality of the circumstances," the police officer had probable cause to arrest Rodriguez after observing Rodriguez driving a green Green minivan matching the description of a vehicle used in a nearby recent robbery, including a partial license plate identification, and observing a firearm in plain sight upon approaching the vehicle. Additionally, the observation of the firearm was sufficient for the officer to have probable cause to believe that the Green Minivan contained contraband or evidence of a crime justifying the officer's subsequent search of the vehicle. Finally, because the Court holds that the police had probable cause to arrest Rodriguez, his "fruit of the poisonous tree" argument urging the suppression of his inculpating statement to the police necessarily fails as well.

Accordingly, for the reasons stated above, defendant Arsenio Rodriguez's motion to suppress the physical evidence recovered from his vehicle and his subsequent statement to the police is DENIED.

The Court also notes it received a letter from the Government, dated July 23, 2008, informing the Court that the Government no longer intends to introduce or use at trial the post-arrest identification made of Rodriguez. Accordingly, the Court need not address Rodriguez's motion to suppress that evidence.