USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :        **07 CR 1150(VM)**
          -against-                :        **DECISION AND ORDER**
                                   :
RAMON ACOSTA,                      :
                                   :
                    Defendant.     :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On October 27, 2008, defendant Ramon Acosta ("Acosta") was convicted following a trial of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 ("Count Five"); and brandishing a firearm in connection with a Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Six"). (See Dkt. No. 77; Minute Entry dated October 27, 2008.) On March 5, 2009, Acosta was sentenced to 210 months' imprisonment on Counts One and Five to run concurrently, and eighty-four months' imprisonment on Count Six to run consecutively with the sentence imposed for Counts One and Five. (See Dkt. No. 77, at 2.)

Now pending before the Court is Acosta's motion for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60. (See "Motion," Dkt. No. 144.) The Court received the Government's opposition (see "Opposition," Dkt. No. 154)

1

and Acosta's reply brief in further support of the Motion (see "Reply," Dkt. No. 155). For the reasons set forth below, the Motion is DENIED.

**I.  BACKGROUND**

A.  <u>RELEVANT PROCEDURAL HISTORY</u>

The Government charged Acosta and his codefendant with various offenses related to a robbery scheme. (See Dkt. No. 46.) Following an eleven-day jury trial, on October 27, 2008, the jury found Acosta guilty on Counts One, Five, and Six. Count One charged Acosta with participating in a conspiracy to commit Hobbs Act robberies between 2003 and 2006. Count Five charged him with participating in a gunpoint robbery in Queens, New York on or about April 28, 2004. Count Six charged Acosta with using, carrying, possessing, and brandishing a firearm during and in furtherance of the robbery charged in Count Five.

Shortly after he was convicted but before sentencing, Acosta filed a motion for a judgment of acquittal on November 25, 2008, arguing that venue was not proper in this District. (Dkt. No. 61.) The Court denied that motion on January 16, 2009. (Dkt. No. 70.)

Acosta was sentenced on March 5, 2009, to a total term of 294 months of imprisonment followed by a three-year term

of supervised release. (Minute Entry dated March 5, 2009; Dkt. No. 77.)

The same day he was sentenced, Acosta filed a notice of appeal from judgment. (Dkt. No. 81.) On appeal, Acosta argued that his sentence was procedurally unreasonable because the Court had made factual findings in connection with sentencing and, according to Acosta, did not take into account his acquittal on certain counts. The Second Circuit found Acosta's argument "unavailing," and affirmed the judgment. United States v. Acosta, 367 F. App'x 259, 261 (2d Cir. 2010); see also Dkt. No. 92. The Second Circuit explained that this Court had "acknowledged that the jury acquitted Acosta of one of the underlying robberies" and that "[a] district court can determine for sentencing purposes that a defendant conspired to commit an offense even after the jury has acquitted on the substantive offense." Id.

On September 14, 2010, Acosta filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. (Acosta v. United States, 10 Civ. 6945, Dkt. No. 1.) In that motion, Acosta asserted: (1) a Sixth Amendment violation based on sentencing enhancements applied because of the Court's finding that Acosta had obstructed justice; (2) prosecutorial misconduct by procurement of false witness testimony and failure to disclose exculpatory evidence; (3)

3

failure to consider sentencing factors related to Acosta's immigration status; and (4) ineffective assistance of counsel. This Court denied that motion on December 20, 2010. Acosta v. United States, 756 F. Supp. 2d 578 (S.D.N.Y. 2010); see also Dkt. No. 98. The Court found that the first claim was barred because Acosta had failed to raise it on direct appeal and because "it does not violate the Sixth Amendment for a court at sentencing to enhance the defendant's penalties on account of conduct that the court finds constitutes obstruction of justice." Acosta, 756 F. Supp. 2d at 580. Second, the Court determined that Acosta's allegations of prosecutorial misconduct were conclusory and therefore insufficient. The Court rejected Acosta's third claim because his immigration status did not affect his sentence in the ways Acosta alleged. Lastly, the Court rejected Acosta's ineffective-assistance-of-counsel claim because trial counsel's performance did not deprive Acosta of a fair proceeding under Strickland v. Washington, 466 U.S. 667 (1984).

Acosta filed a notice of appeal as to that decision on March 21, 2011. (Dkt. No. 103.) The Court construed the notice as a request for an extension of time to file a notice of appeal, which the Court granted. (Dkt. No. 102.) The Court transmitted the notice to the Second Circuit for resolution

by that court. On February 1, 2012, the Second Circuit denied the motion and dismissed the appeal because Acosta "ha[d] not made a 'substantial showing of the denial of a constitutional right.'" (Dkt. No. 121 (citation omitted).)

On June 15, 2016, Acosta filed a successive motion pursuant to Section 2255 arguing that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidated his conviction under Count Six for violating 18 U.S.C. § 924(c). (See the "Prior Section 2255 Motion," Dkt. No. 131; Acosta v. United States, 16 Civ. 4525, Dkt. No. 1.) In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act was void for vagueness because "whether the residual clause cover[ed] a crime . . . require[d] a court to picture the kind of conduct that the crime involves in 'the ordinary case,'" and this "wide-ranging inquiry" resulted in unconstitutional "indeterminacy." Johnson, 576 U.S. at 596-97. Though Acosta's convictions did not implicate the Armed Career Criminal Act, the Supreme Court's ruling in Johnson had some bearing on his conviction under Section 924(c), which contains a similar residual clause. Nevertheless, this Court denied Acosta's motion on July 7, 2016 (the "2016 Order") and declined to transfer the appeal to the Second Circuit. Acosta v. United States, 197 F. Supp. 3d 553 (S.D.N.Y. 2016); Dkt. No. 136.

5

The Court held that Johnson was inapplicable, and because Hobbs Act robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A), the Court "need not reach the balance of Acosta's argument concerning the constitutionality of the residual clause." Id. at 556.

Acosta simultaneously filed a similar motion in the Second Circuit, arguing there, as he had in this Court, that his Section 924(c) conviction "should be vacated" because it was invalidated by Johnson. (Acosta v. United States, 16-1880 (2d Cir. June 14, 2016), Dkt. No. 2, at 5.) The Second Circuit liberally construed the motion as being made under both Johnson and United States v. Davis, 139 S. Ct. 2319 (2019), the latter of which had been decided after Acosta filed the motion.[1] Despite this liberal construction, the appellate court dismissed the motion because Acosta's Section 924(c) conviction was predicated on substantive Hobbs Act robbery, which is a categorical crime of violence under the force clause, not the residual clause. (Dkt. No. 146, at 1 (citing United States v. Hill, 890 F.3d 51, 56-60 (2d Cir. 2018).) Because Johnson and Davis were relevant only to the residual clause, neither invalidated -- or otherwise affected --

---

[1] In Davis, the Supreme Court held that the residual clause of Section 924(c)(3)(B) was unconstitutional and void for vagueness, just as it had held that the residual clause of the Armed Career Criminal Act was unconstitutional in Johnson. See Davis, 139 S. Ct. at 2326.

6

Acosta's Section 924(c) conviction. Accordingly, the Second Circuit denied Acosta's motion for substantially the same reasons as this Court had denied his Prior Section 2255 Motion.

B.   THE PARTIES' ARGUMENTS

A few months before the Second Circuit's latest denial, on March 10, 2020, Acosta filed the instant Motion. (See Motion.) In it, Acosta challenges this Court's 2016 Order, arguing that Davis -- decided after the 2016 Order -- "makes relevant the issue of whether § 924(c)(3)(B) is unconstitutionally vague and allows a merits determination of Petitioner's previously filed § 2255 motion." (Id. at 4.) Acosta contends that he is entitled to relief under Rule 60(b) because the Court erroneously avoided a merits determination and because he was "convicted of something that was no crime at all." (Id. at 5, 7.) Acosta insists that Hobbs Act robbery is not a crime of violence under Johnson and that "Rule 60 relief should be granted, so that a categorical approach could be applied to determine whether 'robbery' as defined in § 1951(b)(1), constitutes a 'crime of violence.'" (Id. at 14.) Acosta further argues that he is "actually innocent" of violating Section 924(c) because aiding and abetting Hobbs Act robbery does not qualify as a crime of violence. (Id. at 14-15.) Lastly, Acosta asserts that he is entitled to relief

7

"to resolve the issue of whether Petitioner's conviction for aiding and abetting a Hobbs Act robbery in connection with § 924(c) remains valid following Davis." (Id. at 17.)

In response, the Government argues that despite being styled as a Rule 60 motion, Acosta's Motion is another successive Section 2255 petition. The Government contends that both this Court and the Second Circuit have previously considered and rejected the arguments Acosta now raises and this Court should dismiss the current Motion as meritless in keeping with these prior decisions. In addition, because Acosta's Motion attacks the underlying conviction, the Government argues that the Motion is procedurally barred. The Government further points out that Acosta has not satisfied Section 2255 by first seeking authorization from the Second Circuit to file the Motion as required, and thus this Court lacks jurisdiction. Moreover, transfer would be improper because the Second Circuit has already considered and rejected Acosta's arguments. On the merits, the Government contends that Acosta's Motion fails because both substantive Hobbs Act robbery and aiding and abetting Hobbs Act robbery are crimes of violence and can serve as valid predicates for a Section 924(c) conviction.

In his Reply, Acosta argues that in the 2016 Order, this Court determined it "need not reach the balance of Acosta's

argument concerning the constitutionality of the residual clause." (Reply at 2.) Acosta insists that this decision was improper because the Court was "obligated to resolve the issue of whether aiding and abetting with others to commit Hobbs Act robbery . . . remained a federal crime following the Supreme Court's decision in Johnson." (Id. at 2-3.) Acosta acknowledges that recent caselaw has held that his Section 924(c) conviction remains valid, but he nevertheless contends that the 2016 Order was defective because the Court failed to resolve "*all* claims." (Id. at 3.)

## II. LEGAL STANDARD

Under Rule 60(b)(6), the Court may grant a party relief from judgment for "any" reason "that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) (internal quotation marks and citations omitted). The trial court has "broad discretion" under Rule 60(b)(6) "to grant relief when 'appropriate to accomplish justice.'" Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986) (citations omitted).

Under Rule 60(d)(1), a court may "entertain an independent action to relieve a party from a judgment." Fed. R. Civ. P. 60(d)(1). Relief under Rule 60(d) is available

9

"only to prevent a grave miscarriage of justice." Comm. on Pro. Standards v. Marin, 764 F. App'x 82, 84 (2d Cir. 2019) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). To meet this high standard, the movant must demonstrate "something [that] render[s] it *manifestly unconscionable*" for the judgment to be enforced. Wright v. Poole, 81 F. Supp. 3d 280, 294 (S.D.N.Y. 2014) (quoting Opals on Ice Lingerie v. BodyLines, Inc., 425 F.Supp.2d 286, 290 (E.D.N.Y. 2004); Pickford v. Talbott, 225 U.S. 651, 658 (1912)).

### III. DISCUSSION

As a threshold matter, the Court is persuaded that it is procedurally barred from reviewing the merits of Acosta's Prior Section 2255 Motion. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."); see also Hoffenberg v. United States, No. 00 Civ. 1686, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) ("Rule 60(b) is not a vehicle to relitigate issues already raised during a prior Section 2255 proceeding."). Thus, to the extent Acosta repeats the argument that his Section 924(c) conviction is constitutionally invalid, the Motion is denied as "beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82 ("[A] Rule 60(b)

motion that attacks *the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" (citation omitted)).[2]

The Court next turns to that part of Acosta's Motion which challenges the integrity of the previous Section 2255 proceeding. Acosta argues that the Court erred in its 2016 Order by concluding that, because Hobbs Act robbery is a crime of violence under the force clause of Section 924(c), the Court "need not reach the balance of Acosta's argument concerning the constitutionality of the residual clause." (See Motion at 4; see also 2016 Order at 7.) Acosta insists that the Court erred in declining to consider the constitutionality of the residual clause and states that "[t]he fact that the Second Circuit has now decided against such claim does not prevent this Court of fulfilling its obligation in resolving such claim." (Reply at 3-4.) This

---

[2] The Court opts to deny the Motion rather than transfer it to the Second Circuit because the Second Circuit has already considered and rejected the arguments Acosta now raises. See Avendano v. United States, No. 02 CR 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014) ("[A] district court need not transfer the second or successive motion if it is wholly without merit.").

argument fails for the simple reason that this Court was under no "obligation" to consider his purely academic -- and irrelevant -- claim regarding the constitutionality of the residual clause. As this Court previously explained, whether the residual clause is unconstitutional has no bearing on the validity of Acosta's Section 924(c) conviction because his conviction is valid under the force clause. In other words, even if the Court had concluded that the residual clause was unconstitutional, Acosta's conviction would remain unaffected because substantive Hobbs Act robbery is a Section 924(c) predicate under the force clause of that statute. As such, the Court was barred from considering Acosta's claim pertaining to the residual clause. See St. Pierre v. United States, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

The Court acknowledges that "[a] postjudgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment." Matarese, 801 F.2d at 106 (citations omitted). But, again, the changes in the law Acosta cites -- Johnson and Davis -- have no impact on his Section 924(c) conviction. As the Second Circuit has explained,

Acosta was convicted of substantive Hobbs Act robbery (Count Five). (See Dkt. No. 146; see also Dkt. No. 77.) There is no dispute in this Circuit that substantive Hobbs Act robbery is a valid predicate for a Section 924(c) conviction under the force clause. See Hill, 890 F.3d at 60 ("Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting the force clause)).[3] Likewise, the Second Circuit has recently determined that aiding and abetting a crime of violence itself constitutes a crime of violence under the force clause. See United States v. McCoy, 995 F.3d 32, 58 (2d Cir. 2021). Thus, neither Johnson nor Davis creates an "extraordinary circumstance" warranting relief under Rule 60(b)(6) because neither case has any bearing on Acosta's Section 924(c) conviction.

For the same reasons, Acosta has failed to establish a "miscarriage of justice" warranting relief under Rule 60(d)(1). The alleged error Acosta cites was not an error at

---

[3] Acosta insists this Court must apply the categorical approach to determine whether Hobbs Act robbery is a crime of violence. (Motion at 14). But the Second Circuit in Hill already applied the categorical approach in concluding that Hobbs Act robbery is a crime of violence under the force clause. Hill, 890 F.3d at 55. Nor does United States v. Chea require otherwise. No. 98 CR 20005, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019). In that case, a California district court came to the opposite conclusion, that Hobbs Act robbery is not categorically a crime of violence under the force clause. However, this Court is not bound by that court's decision. In this Circuit, the issue has been decided, and the Court is bound to follow that precedent.

all, much less one that rendered his Section 2255 proceeding "manifestly unconscionable." See Opals on Ice, 425 F. Supp. 2d at 290 ("The requirement that the underlying judgment be 'manifestly unconscionable' 'preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time.'" (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir. 1994)).

Lastly, the Court denies Acosta's request for an evidentiary hearing on this Motion. See, e.g., United States v. Hodgson, 531 F. App'x 174, 175 (2d Cir. 2013) ("Where, as here, the movant fails to make even a colorable claim for Rule 60(b) relief, the district court is not required to consider evidence offered in support of that motion."); see also Johnson v. United States, 119 F. App'x 319, 321 (2d Cir. 2005) ("[C]ourts have discretion to determine whether to grant a full evidentiary hearing."). Both Acosta's Rule 60(b)(6) and Rule 60(d)(1) claims are meritless, and no further evidence is needed to resolve the Motion.

### IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED**, that defendant Ramon Acosta's motion for relief from judgment (Dkt. No. 144) is DENIED.

The Clerk of Court is hereby directed to mail this Order to Ramon Acosta, Register Number 56954-054, at FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, FL 33521.

**SO ORDERED.**

Dated:   New York, New York
         9 July 2021

Victor Marrero
U.S.D.J.